# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **SAMUEL L. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **3:13-cv-01083** |
| | ) | |
| **v.** | ) | **Judge Nixon** |
| | ) | **Magistrate Judge Bryant** |
| **JPMORGAN CHASE BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court are Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion

for Judgment on the Pleadings (Doc. No. 11) and Plaintiff Samuel L. Davis' Motion to Amend

the Complaint (Doc. No. 23). For the reasons stated below, Defendant's Motion (Doc. No. 11) is

**GRANTED** and Plaintiff's Motion (Doc. No. 23) is **DENIED**.

## I.    MOTION TO DISMISS

### A.  *Background[1]*

Plaintiff Samuel L. Davis sued Defendant Chase in the Chancery Court for Davidson

County, Tennessee, on September 4, 2013, for damages stemming from an allegedly wrongful

foreclosure and eviction. On September 13, 2007, Davis executed a Promissory Note to lender

Franklin American Mortgage Company for a property described as 1203 Second Avenue South,

Nashville, Tennessee. Davis also executed a Deed of Trust describing the property as "part of

Lot No. 21 on the Plan of John Nelson's Addition, as of Record in Book 2, page 182, Register's

Office for said County," and containing the metes and bounds description of the property. (Doc.

No. 1-1 at 30.) Davis' loan was a Federal Housing Administration ("FHA") loan. Chase

eventually became the holder of Davis' Promissory Note. When Davis fell behind on his

---

[1] Unless otherwise indicated, all facts are drawn from the Complaint (Doc. No. 1-1).

1

mortgage payments, he requested a loan modification. Davis claims he "was lulled by [Chase] in [sic] believing that a modification was being worked on; however, instead of working on the loan modification, the defendant [Chase] foreclosed on the property." (*Id.* ¶ 58.) Davis contends Chase filed unlawful detainer warrants to evict him and Williefia Gunn, but that the warrants "were dismissed by the Defendant." (*Id.* ¶ 16.)

Davis claims Chase did not give him proper notice before foreclosure, and that Chase did not have the right to foreclose because it did not have the original Note in its possession. Furthermore, Davis argues that "there is no property address" known as 1203 Second Avenue South, which Davis contends is a mailing address, and the physical address of the property is 215 Chestnut Street. "Defendant is not authorized to take possession of 1203 Second Avenue South, Nashville, Tennessee in that no such property address exists and . . . it is not entitled to title or possession of 215 Chestnut Street, Nashville, Tennessee in that neither the Deed of Trust or Note [sic] assert title to 215 Chestnut Street, Nashville, Tennessee." (*Id.* ¶ 43.) Finally, the property at 215 Chestnut Street is a "commercial dwelling," as such it "does not qualify for a FHA loan" (*id.* ¶¶ 54–56), and "Plaintiff was induced into procuring such a loan even though the Defendant's [sic] knew or should have that the Property was not zoned to obtain such a loan" (*id.* ¶ 24). Davis claims Chase knew "the property would not qualify for a loan modification" because it knew the property did not qualify for a FHA loan, but Chase "represented to the Plaintiff that it did qualify" and "Plaintiff relied on the misrepresentation to his detriment." (*Id.* ¶ 57.)

In his Complaint, Davis states the following claims against Chase: (1) quiet title, on the ground that Chase had no right of ownership in the property; (2) violations of the Tennessee Consumer Protection Act ("TCPA"), on the grounds that the Deed of Trust and Note do not refer to 215 Chestnut Street, Chase has not provided Davis with requested documentation, and the

detainer warrant was unlawfully filed because Chase did not have title and Davis' property did not qualify for an FHA loan; (3) fraud, on the grounds that Chase foreclosed on 1203 Second Avenue South, "knowing such property address did not exist," and that FAMC induced Davis into obtaining a loan on a property that did not qualify for a FHA loan (*id.* ¶¶ 55, 59); (4) breach of contract, on the grounds that Chase did not provide requested documentation or adequate notice before foreclosure, or deal with Davis in good faith regarding his requested loan modification; (5) conversion, on the grounds that Chase did not give sufficient notice before foreclosing or conduct the sale in the manner set out by Tennessee law; (6) fraud and intentional misrepresentation, on the grounds that Chase led Davis to believe his loan could be modified even though 1203 Second Avenue South is a mailing address and the loan was an FHA mortgage; (7) equitable estoppel against Chase, on the same grounds as above; (8) unjust enrichment for wrongful acts and omissions; (9) slander of title, on the grounds that Chase failed to give sufficient notice of foreclosure and filed unlawful detainer warrants; (10) to void a Trustee's Deed, if Chase is in possession of one, as void ab initio because the foreclosure was conducted improperly; (11) wrongful foreclosure, on the grounds that if Chase did send out notices of foreclosure, "they referenced a property that does not exist," and the foreclosure was therefore conducted contrary to Tennessee law (*id.* ¶¶ 105, 106).

In its Answer, Chase admits it sold the property at issue through a foreclosure sale in June 2012 (Doc. No. 8 ¶ 10) and issued Detainer Warrants (*id.* ¶ 16). However, Chase denies Davis' assertion that the warrants were dismissed, pointing out that the warrant filed as an exhibit to the Answer shows judgment was granted to Chase by agreement of the parties against Davis as "occupant/owner" on February 6, 2013. (Doc. Nos. 8 ¶ 16; 8-2.) Chase also denies that "there is no property address known as 1203 Second Avenue South." (Doc. No. 8-1 ¶ 14.) The

Quitclaim Deed of August 20, 2003, pursuant to which Davis obtained title to the property at issue, lists the address as "1203 Second Avenue South," though someone wrote "a corner lot at 215 Chestnut Street" on the Deed. (Doc. Nos. 8 ¶ 14; 8-1.) The Quitclaim Deed and the Deed of Trust filed by Davis contain identical metes and bounds descriptions of the property at issue. (*Compare* Doc. No. 1-1 at 30 *with* Doc. No. 8-1 at 1.) "Accordingly, Plaintiff's claims that the Chestnut Street address is incorrect, and/or that the underlying Note and Deed of Trust has no relation to the property at issue, is denied as a matter of fact and law." (Doc. No. 8 ¶ 14.)

On April 4, 2014, Chase filed the instant Motion for Judgment on the Pleadings (Doc. No. 11) with a Memorandum in Support (Doc. No. 12). Davis filed a Response on May 30, 2014. (Doc. No. 15.) Chase filed a Reply on August 19, 2014. (Doc. No. 18.)

**B. *Standard of Review***

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). In ruling on a motion for judgment on the pleadings, the Court primarily considers "the allegations of the complaint," but "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502

(6th Cir. 2001)). "To withstand a Rule 12(c) motion for judgment on the pleadings, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'" *Id.* (quoting *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)).

## C. Analysis

Chase contends Davis' claims are barred by res judicata because the General Sessions Court entered judgment against Davis in Chase's unlawful detainer action on February 6, 2013. (*See* Doc. No. 8-2.) Federal courts "must give the same preclusive effect, under the doctrines of res judicata and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state." *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999). "The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were *or could have been litigated* in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (emphasis added). The doctrine "is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." *Id.* (quoting *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976)). A party asserting res judicata must establish the following: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Boyce v. LPP Mortgage Ltd.*, 435 S.W.3d 758, 764 (Tenn. Ct. App. 2013).

First, the General Sessions Court is a court of competent jurisdiction. "[T]he General Sessions Court possesses the authority to decide the merits of a detainer warrant" and "wrongful

or fraudulent foreclosure may be raised as an affirmative defense to an unlawful detainer action." *Lawlor v. SunTrust Mortgage, Inc.*, No. 3:13-cv-00387, 2013 WL 4431319, at *4 (M.D. Tenn. Aug. 15, 2013) (citing Tenn. Code Ann. § 29-18-107; *Davis v. Williams*, No. E2010-01139-COA-R3-CV, 2011 WL 335069, at *3 (Tenn. Ct. App. Jan. 31, 2011)).

The judgment entered against Davis was final and on the merits. "A final judgment in General Sessions Court bars a subsequent suit in another court on the same subject." *Clay v. Barrington Motor Sales, Inc.*, 832 S.W.2d 33, 34 (Tenn. Ct. App. 1992); *see Boyce*, 435 S.W.3d at 768 (holding that detainer warrant granted by the General Sessions Court has "preclusive effect"). "[A] final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2008) (quoting *Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). A failure to appeal a final judgment renders that decision final and immune to collateral attack. *Id.* Davis does not contest the existence of the General Sessions Court's judgment or make any allegation that it is not final.

Furthermore, the same parties or their privies were involved here and in the General Sessions Court suit. In this matter, Chase was the plaintiff in the General Sessions Court suit. (Doc. No. 8-2.) Although the Detainer Warrant and Judgment was initially filed against "Williefia Gunn or Current Occupants," final judgment was entered against Defendant "Samuel Davis occupant/owner." (*Id.*) In his Complaint, Davis admits that he knew of these Detainer Warrants and that Chase sought judgment against him "to have Plaintiff and Williefia Gunn evicted," but simply argues that Chase "does not have authority to issue such Detainer Warrants." (Doc. No. 1-1 ¶¶ 16, 18.)

The same claim or cause of action was also asserted in both suits. "Two suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same

transaction or a series of connected transactions." *Creech*, 281 S.W.3d at 381. In this case, both the instant suit and the Detainer Warrant and Judgment arise from the same transaction—Chase's allegedly-wrongful foreclosure on Davis' property. Accordingly, Davis is barred from collaterally attacking the General Sessions Court's judgment in federal court.

All of Davis' claims relate to Chase's actions during the foreclosure process and could have been raised in the initial suit. For instance, Davis now claims that Chase never had right to possession of his property, did not provide adequate notice before foreclosure, and did not renegotiate the terms of his loan in good faith. All of these matters could have been raised as defenses in the General Sessions Court action, thus Davis is now barred from litigating these matters again. *Boyce*, 435 S.W.3d at 766 (holding "an argument as to the merits of title is an appropriate defense to an FED action in General Sessions Court" and "even though fraud in the foreclosure was not raised as a defense in the unlawful detainer action, it was conclusively determined not to exist" because judgment was issued on detainer warrant); *see, e.g. Lawlor*, 2013 WL 4431319 at *6 (holding claims relating to wrongful foreclosure, lack of notice barred by res judicata); *Malone v. U.S. Bank Nat. Ass'n*, No. 12-3019-STA, 2013 WL 392487, at *5 (W.D. Tenn. Jan. 30, 2013) (finding "the TCPA does not apply to foreclosure proceedings"); *Stewart v. Deutsche Bank Nat'l Trust Co.*, No. 3:08-cv-475, 2010 WL 4004670, at *7 (E.D. Tenn. Oct. 12, 2010) (examining res judicata effect of judgment on detainer warrant, holding claims of promissory fraud, concealment, misrepresentation, slander of title, unjust enrichment, and wrongful foreclosure were all barred because they all arose from the same transaction and related to the "lawfulness of the foreclosure").

Finally, the Court notes that Davis' argument about the address of the property is unavailing. The interpretation of a deed is a question of law to be resolved by an examination of

7

the face of the deed. *Dobson v. Marion Cnty.*, No. M2004-02154-COA-R3-CV, 2006 WL 1026422, at *6 (Tenn. Ct. App. Apr. 18, 2006). Land to be mortgaged need be designated only "with reasonable certainty," and the legal description does not include the street address of the land. *ABN AMRO Mortgage Grp., Inc. v. S. Sec. Fed. Credit Union*, 372 S.W.3d 121, 130 (Tenn. Ct. App. 2011). As Chase notes, the metes and bounds property description on the Quitclaim Deed and the Deed of Trust filed by Davis are identical. (*Compare* Doc. No. 1-1 at 30 *with* Doc. No. 8-1 at 1.) Davis does not dispute that the metes and bounds description accurately describes the property at issue. Accordingly, Davis has not alleged a factual dispute about the identity of land. In any case, the fact that Davis' mortgage documents list the property address as 1203 Second Avenue South, but that Davis believed it to be located at 215 Chestnut Street, was known before the Detainer Warrant and Judgment were issued, and relates to the same transaction at issue here—the allegedly wrongful foreclosure. Therefore, Davis cannot use this defense to collaterally attack the General Sessions Court's judgment here.

Res judicata applies to bar all of Davis' claims. The Court therefore finds Chase is entitled to judgment as a matter of law.

## II.   MOTION TO AMEND

Davis seeks to amend his complaint to add the Secretary of the Department of Housing and Urban Development ("HUD") as a Defendant. Davis contends "the gravamen of the complaint is that the Defendant did not have authority to foreclose" thus because "HUD asserts title to the Property must [sic] be included HUD [sic] as a necessary party." (Doc. No. 23 at 4.) Davis presents two exhibits to the proposed amended complaint: (1) a Substitute Trustee's Deed in which MCC TN, LLC conveyed Davis' property to Chase in fee simple on June 7, 2012 (Doc. No. 23-7); and (2) a Substitute Trustee's Deed in which MCC TN, LLC conveyed Davis'

8

property to HUD in fee simple on June 7, 2012 (Doc. No. 23-8). Davis' proposed amended complaint asserts the same claims as his original complaint, except HUD is added as a defendant. (*See* Doc. No. 23-1 at 9–20.)

Chase argues the Motion should be denied as "highly untimely" because Davis has known of HUD's involvement for over seventeen months. (Doc. No. 24 at 2.) The Initial Case Management Order set February 7, 2014, as the deadline for Motions to Amend. (Doc. No. 10 at 2.) Chase presents evidence that it sent HUD's Substitute Deed of Trust to Davis' attorney on January 29, 2014. (Doc. Nos. 24-1; 24-2.) Furthermore, in his Motion, Davis makes no excuses for his failure to timely amend the complaint. (*See* Doc. No. 23.) In the alternative, Chase contends HUD is not only unnecessary here, but irrelevant, because HUD's deed was executed after foreclosure and therefore could not have impacted Chase's right to foreclose.

Under Federal Rule of Civil Procedure 15(a)(2), district courts must "freely give leave" to amend. "Delay alone . . . does not justify the denial of leave to amend" and "the party opposing a motion to amend must make some significant showing of prejudice to prevail" on this ground. *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Chase contends amendment would require it to change its litigation strategy "a mere two months before the September 8, 2015 trial date." (Doc. No. 24 at 3.) The Court finds this is not a "significant showing of prejudice."

However, courts may also deny a motion to amend if amendment would be futile because the amended complaint could not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As Davis admits, "the gravamen of the complaint is that [Chase] did not have authority to foreclose" and all of Davis' claims relate to pre-foreclosure fraud and other irregularities. (*See* Doc. No. 23-1 ¶¶ 51, 62, 65, 77, 82–84, 87–88, 99, 103, 106–

07, 113, 121.) However, Davis seeks to amend the complaint on the grounds that HUD may have become a fee simple owner of the property after foreclosure. As Chase notes, HUD's involvement at that stage in the process is irrelevant to Davis' claims. Accordingly, the Court finds Davis' proposed amendment would be futile.

## III.   CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (Doc. No. 11) is **GRANTED** and Plaintiff's Motion to Amend the Complaint (Doc. No. 23) is **DENIED**. All other pending motions are terminated as moot and the Clerk of the Court is directed to **CLOSE** the case.

It is so ORDERED.

Entered this the _16th_ day of July, 2015.


JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT